[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR TEMPORARY INJUNCTION AFTER EVIDENTIARY HEARING
The plaintiff is the owner of real property which had been leased to the corporate defendant. The defendant became in default under the lease and the parties reached an agreement whereby the corporate defendant would vacate the premises and the corporate defendant and the two individual defendants provided an installment note to the plaintiffs. The defendants defaulted in payments under the note and the plaintiff instituted the present action seeking to recover the sums due thereunder.
The plaintiff made application for a prejudgment remedy which was denied in an opinion written by Judge Dean on the grounds that the statute under which the plaintiff was proceeding was unconstitutional as set forth in the opinion. The plaintiff has now brought the present application for a temporary injunction seeking to enjoin the defendant, Helen Zabin from selling, encumbering or in any way diminishing her proprietary interest in certain real property located in Fairfield, Connecticut. The plaintiff claims that the property of Helen Zabin is the only viable source for satisfaction of any judgment to be rendered in favor of the plaintiff on the note, and the defendant is now in negotiations to sell the property. The plaintiff therefore claims that it is entitled to a temporary injunction to preserve the status quo during the pendency of the litigation pursuant to General Statutes 52-471 et. seq.
There are extraordinary circumstances under which injunctions may be issued during the pendency of litigation to prevent the dissipation of assets so as to make a monetary judgment a meaningful remedy. See, e.g., Chandler v. Hale, 173 Conn. 276
(1977); Teradine Inc. v. Mostek Corp., 797 F.2d 43, 52-53 (1 Cir. 1986); Transamerica Rental Finance Corp. v. Rental Experts,790 F. Sup. 378-381-382 (D. Conn. 1992). However, in the present case there has been no evidence that the defendant Helen Zabin is dissipating assets, or is in the process in liquidating assets, or is engaging in any attempts to fraudulently convey the property. There is no evidence that the defendant Helen Zabin will be more or less insolvent if the property is sold nor is there a sufficient basis to warrant the issuance, by the court, of an injunction to prevent the defendant from exercising a right inherent in the ownership of property. Accordingly, the Motion for Temporary Injunction is therefore denied.
RUSH, J. CT Page 5996